IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV135 |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN MHUR, EDWARD FABIN, | ) | **MEMORANDUM** |
| RICK VANGERPEN, MARTIN | ) | **AND ORDER** |
| TOMICH, KATHY MARSH, RICK | ) | |
| MCNEESE, ROBERT HOUSTON, | ) | |
| and UNKNOWN HOPKINS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on April 1, 2008. (Filing No. 1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**I.     Summary of Complaint**

Plaintiff filed his Complaint against Ryan Mhur, Edward Fabin, Rick Vangerpen, Martin Tomich, Kathy Marsh, Rick McNeese, Robert Houston, and Unknown Hopkins on April 1, 2008. (Filing No. 1.) While not entirely clear from Plaintiff's Complaint, it appears that all Defendants are Department of Corrections employees. Plaintiff does not identify in what capacities he is suing Defendants. Plaintiff is currently residing at the Omaha Community Correctional Center. (Filing No. 1 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff's Complaint alleges that Defendants McNeese and Marsh violated his federal civil rights by refusing to excuse Plaintiff from a residential substance-abuse treatment program. (*Id.* at CM/ECF pp. 6, 18.)

Plaintiff claims that because he was not excused from the substance-abuse program, his participation in a work-release program was delayed. (*Id.*) Plaintiff claims that McNeese and Marsh excused other inmates from the substance-abuse program but would not excuse Plaintiff. (*Id.* at CM/ECF pp. 7, 18.) Plaintiff further alleges that Defendant Vangerpen improperly required Plaintiff to attend GED classes, threatened to deny Plaintiff a law-library pass, and denied Plaintiff his work-release paperwork. (*Id.* at CM/ECF p. 34.) Plaintiff's Complaint also begins to allege facts against Defendant Tomich, but Plaintiff's allegations stop mid-sentence. (*Id.* at CM/ECF p. 23.)

Plaintiff seeks up to $10,000,000 in monetary damages and asks that the court "see the injustice that DR. Rick McNeese and DCS has done to Mr Johnson." (*Id.* at CM/ECF p. 7.)

**II. Standard of Review**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e) and 28 U.S. C. § 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is

appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff's Complaint alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**III. Discussion of Claims**

*A. Defendants McNeese, Marsh, Tomich, and Vangerpen*

Plaintiff does not identify in what capacity he is suing Defendants McNeese, Marsh, Tomich, and Vangerpen. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.") Further, a suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, Plaintiff's claims against McNeese, Marsh, Tomich, and Vangerpen are claims against the State of Nebraska.

Plaintiff's Complaint appears to demand only monetary damages from these public-employee Defendants who are sued in their official capacities. The Eleventh

Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.,* Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.,* Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity. Therefore, Plaintiff's claim for monetary damages against these defendants, sued in their official capacities, must be dismissed.

To the extent Plaintiff also requests equitable relief, he asserts that Defendants McNeese, Marsh, Tomich, and Vangerpen denied Plaintiff due process of law by preventing him from participating in a work-release program. Plaintiff also claims that Defendant Vangerpen threatened to deny him a law-library pass and improperly required Plaintiff to take GED classes.[1]

---

[1] While denying a prisoner access to the law library can constitute a constitutional violation, in this case Plaintiff states that Vangerpen threatened to deny him a law-library pass, but does not allege that Vangerpen actually prevented Plaintiff from going to the law library. The general framework for analyzing access-to-courts claims brought by inmates is set forth in Lewis v. Casey, 518 U.S. 343 (1996). "To succeed in an access-to-courts claim, a plaintiff must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (citations omitted). Additionally, an inmate must show that he has "suffered an actual injury." *Id.* (citations omitted). Here, because Plaintiff was not prevented from going to the law library, Plaintiff has failed to allege an access-to-court claim.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25 n.7 (8th Cir. 1999) (*en banc*).

Liberally construed, Plaintiff's Complaint alleges that he was deprived of a liberty interest when he was denied participation in a work-release program and forced to attend a GED program. In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope or expectation. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Supreme Court laid out the test for determining liberty interests in a prison setting in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* (internal citations omitted). Federal courts have held that lost privileges and lost opportunities for work or rehabilitation are not the type of "atypical and significant hardship" that implicates constitutionally protected liberty interests. *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668-69 (8th Cir. 1996) (prisoner was not entitled to due process before being transferred from work-release facility to far more restrictive housing in state reformatory)*; Carney v. Houston*, 33

F.3d 893, 894 (8th Cir. 1994) ( per curiam ) ("[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoner's interest in participating in "rehabilitative programs" is not "sufficient to invoke due process"). Indeed, "[p]risoners are frequently denied employment opportunities for many different reasons, and such events are not considered to be an 'atypical and significant hardship' or a 'dramatic departure' from the ordinary conditions of a prison sentence." *Olhausen v. Fabian*, Civil No. 07-4593, 2008 WL 2042613 at *5 (D. Minn. May 12, 2008).

Here, Plaintiff's Complaint alleges that he was required to attend substance-abuse treatment before being admitted into a work-release program, and that he was improperly required to attend a GED program. Such treatment does not satisfy *Sandin's* "atypical and significant hardship" standard. As set forth above, Plaintiff does not have a constitutionally protected right to any particular prison classification, or to work at a prison job. Therefore, any equitable claims Plaintiff has against Defendants McNeese, Marsh, Tomich, and Vangerpen in their official capacities are dismissed.

### B. *Defendants Mhur, Fabin, Houston, and Hopkins*

Plaintiff has also failed to state a claim against Defendants Mhur, Fabin, Houston, and Hopkins. While the caption of Plaintiff's Complaint names these parties as Defendants, Plaintiff does not discuss these parties in the Complaint and does not make any specific claims against these Defendants. Therefore, Defendants Mhur, Fabin, Houston, and Hopkins are dismissed from this case.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint and this action are dismissed without prejudice for failure to state a claim on which relief can be granted.

2.      A separate Judgment will be entered.

July 1, 2008.                        BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge